## J. P. HARRIS v. MRS. FANNIE STOVALL et al.

Western Section.   June 4, 1926.

Petition for Certiorari denied by Supreme Court February 26, 1927.

**Equity.   Purchaser of land held entitled to recover money paid through mistake.**
    Where the evidence showed that the complainant bought the land in question for the price of $90.00 per acre; that he was an ignorant man and could not read or write; that the auctioneer calculated the price to be paid and the complainant paid the amount and did not discover the error until some years laters, when he consulted an attorney, held that complainant could recover the amount that he erroneously paid.

Appeal from Chancery Court, Weakley County; Hon. V. H. Holmes, Chancellor.
    Reversed.
    J. W. Rankin, of Martin, for appellant.
    W. R. McWherter, of Dresden, for appellee.

OWEN, J.   Complainant has appealed from a decree of the chancery court of Henry county dismissing his bill and taxing him with the costs.   Complainant alleged that on the 21st day of August, 1919, he purchased at public sale, he being the highest bidder, a tract of 84-1/8 acres of land in Weakley county, Tennessee, at $90 per acre; that J. Y. Bowers had a public sale of three tracts of land on that date.   Complainant purchased one tract at $89.50 per acre, and the tract out of which this controversy grows at $90 per acre.   That one W. W. House was auctioneer for J. Y. Bowers; that an error was made in the calculation and complainant paid $7965.50; that he paid ten per cent, or $796.50 in cash, executed four notes in equal amounts for the remainder, or the ninety per cent, the first note maturing in December, 1919, and on the date the first note matured complainant paid the four notes.
    Complainant alleged that J. Y. Bowers had died intestate leaving his widow, Mrs. Lucy C. Bowers and that Mrs. Lucy C. Bowers had died intestate shortly after the death of her husband J. Y. Bowers.   That Mrs. Fannie Stovall qualified as the administratrix of both J. Y. Bowers and of L. C. Bowers.
    Complainant alleged that he should have paid $7531.25 at $90 per acre instead of $7965.50; that there was a wrongful calculation or error committed against the complainant to the amount of $455.85. That complainant could neither read nor write and he did not learn of this error in the calculation until he discovered that there

was a shortage of one-fourth of an acre in his calls, or rather that Bowers and wife had conveyed one-fourth of an acre which was used for a private cemetery or graveyard and had not excepted the one-fourth of an acre out of the boundaries, and when complainant consulted an attorney about recovering for the one-fourth of an acre it was discovered that this error had been made in the calculation.

After filing the original bill seeking to recover the difference between the amount paid and the true amount at $90 per acre for the land received, complainant filed his amended bill alleging that Mrs. Stovall had not qualified as administratrix of J. Y. Bowers, but had only qualified as the administratrix of Mrs. L. C. Bowers. Complainant made the heirs of J. Y. Bowers party defendants, and also had M. H. Biggs appointed administrator ad litem.

Mrs. Stovall answered, denying complainants' right to recover. The administrator ad litem answered stating that he had called on his co-defendant, Mrs. Fannie Stovall, who took charge of the personal assets that belonged to the estate of J. Y. Bowers, including several thousand dollars worth of notes held against the land, but she had refused to deliver any property to him. He stated in his answer that Mrs. Stovall had taken charge of a considerable amount of notes and personal effects, amounting to several thousand dollars, belonging to the estate of J. Y. Bowers, including notes of Will Muzzell for the tract of land which appears to have been sold the same day complainant purchased his two tracts.

A number of depositions were taken, including the deposition of the auctioneer W. W. House, who testified that the land was sold to complainant at $90 per acre. There is some proof that after the notes were drawn and the deed was executed that the notes and cash consideration was changed so as to conform to the true and correct amount to be paid for the tract of land, but the weight of the evidence is against such a correction. The Chancellor held that J. Y. Bowers died intestate on the 13th day of October, 1921; that his widow, L. C. Bowers, qualified as his administratrix in the county court of Obion county, Tennessee, but never filed any inventory of said estate nor did he make any settlement thereof. That the widow died on the —— day of ——————, 1922, intestate, in Weakley county, Tennessee, and that the defendant Mrs. Stovall qualified as the administratrix of the estate of said Mrs. L. C. Bowers, but has never filed inventory or made any settlement of said estate in the county court of Weakley county. The court further held that on the —— day of August, 1919, in the Fourteenth Civil District of Weakley county, Tennessee, there was sold at public auction by J. Y Bowers the tract of land set out and described in the bill as

containing 84-1/8 acres, to the complainant J. P. Harris; that said land was knocked off and sold to complainant by the auctioneer in charge of the sale at $90 per acre, and that the same was sold by the auctioneer by the acre and not in bulk, and that the complainant had paid the consideration mentioned in the deed.

The Court further decreed that the complainant was not entitled to recover for any shortage of acreage in this cause, the preponderance of the evidence being in favor of the defendants, and that complainant was not entitled to any relief under the frame of his bill, and that same, both the original and amended bills, be and the same are hereby dismissed.

The complainant excepted to this decree dismissing his bill, prayed and was granted an appeal to this court. Said appeal was perfected and the complainant has assigned five errors in this court. The first is that the court erred in dismissing complainant's bill.

Second: In holding that before complainant could recover for the shortage he would have to prove the shortage of the acreage.

The other three assignments are covered by the first two.

We are of opinion that the Chancellor was in error in dismissing complainant's bill. Complainant under the charges and the prayer of his bill is entitled, in our opinion, to recover for the excess payment that he made through mistake, over and above the $90 per acre on the 84-1/8 acres.

We agree with the Chancellor that this land was sold by the acre at $90 per acre and sold as a tract of 84-1/8 acres. The consideration should have been $7571.25; that by mistake complainant paid $7965.50. Complainant therefore is entitled to recover from the administrator ad litem of the J. Y. Bowers' estate and of Mrs. Stovall, who, it is shown, has in her possession as administratrix of Mrs. Bowers, the personal estate of J. Y. Bowers, the difference between the sum complainant paid by error and the amount he should have paid, to-wit: $394.25, and the first error is sustained.

The second assignment is overruled and disallowed because there is no proof that there is any shortage of one-fourth of an acre, or any amount. Complainants by the deed and sale per acre warranted that there were 84-1/8 acres in the tract sold, and we find under the proof that there is that much land and defendant was entitled to $90 per acre. The other assignments become immaterial and insofar as they conflict with the first assignment they are overruled.

A decree will be entered here in favor of the complainant against the two defendants—the administratrix and the administrator ad litem—for $394.25, with interest from the date of the filing of complainant's bill, and all the costs of the cause, for which execution will issue.

Heiskell and Senter, JJ., concur.